*United States v. Simtob,* 485 F.3d 1058, 1062 (9th Cir.2007).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Luciano RODRIGUEZ–VENEGAS,**
**Defendant—Appellant.**

**No. 08–30174.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

James P. Hagarty, Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca L. Pennell, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Luciano Rodriguez–Venegas appeals from the 57–month sentence imposed fol-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lowing his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rodriguez–Venegas contends that the district court erred by miscalculating his criminal history score as a result of an erroneous factual finding that he had continuously remained in the United States following a February 2006 arrest. We conclude that, in light of Rodriguez–Venegas's pattern of residency in the United States and the lack of countervailing evidence indicating that he voluntarily returned to Mexico, the district court did not clearly err. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1161–63 & n. 4 (9th Cir.2000); *see also United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir. 1998) (factual determinations relevant to criminal history calculation reviewed for clear error).

Rodriguez–Venegas also contends that his sentence is illegal because the government did not allege in the indictment or prove beyond a reasonable doubt that he was deported subsequent to an aggravated felony conviction. However, the indictment alleged a date of removal that was subsequent to the date of his aggravated felony conviction, and Rodriguez–Venegas admitted to the same date of removal at his change of plea hearing, such that it was not error for the district court to enhance his sentence. *See United States v. Beltran–Munguia,* 489 F.3d 1042, 1052–53 (9th Cir.2007); *United States v. Calderon–Segura,* 512 F.3d 1104, 1111 (9th Cir.2008).

Rodriguez–Venegas further contends that: (1) *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled; (2) a 2–year statutory maximum applies because his case is distinguishable from *Almendarez–Torres* in that he never admitted the existence of an aggravated felony during the guilt phase of his case; and (3) the doctrine of constitutional avoidance should be applied to § 1326(b). As Rodriguez–Venegas concedes, these contentions are foreclosed. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751 n. 3 (9th Cir.2007); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000).

**AFFIRMED.**